## LUTZ v. DOUGLASS et al.

(Circuit Court of Appeals, Second Circuit.  May 4, 1921.)

No. 176.

Shipping ⬦⟶51.—Oral contract to charter not enforced, where libelant introduced variance into form agreed on.

An oral agreement to charter a vessel will not be enforced, where libelant introduced into the form of the charter, agreed on a new provision not covered by the oral agreement, and did not waive such provision, but sought to enforce the oral contract as if it contained that provision.

Appeal from the District of the United States for the Southern District of New York.

Libel by Edward Lutz against Edwin Allen Douglass and others. Decree for respondents (248 Fed. 366), and libelant appeals.  Affirmed.

MacFarland, Taylor & Costello, of New York City (Willard U. Taylor and Alfred H. Strickland, both of New York City, of counsel), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Roscoe H. Hupper and Frederick Pennell, both of New York City, of counsel), for appellees.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge.  This is a libel by Lutz to recover damages for breach by the owners of the schooner Rebecca R. Douglass of an agreement to charter.  The master of the schooner orally agreed to charter her to the libelant for three successive voyages to carry lumber from a safe port between Tampa and Gulfport and a safe port in Porto Rico or San Domingo, or on the north side of Cuba, not east of Cay Francis.  The principal terms were agreed upon, and it was further agreed that a charter should be executed upon the form used by John A. Merritt & Co., shipbrokers.  This form, not being at hand, was subsequently signed by the libelant and sent to the master for signature.  It contained a printed clause, (1) "Vessel to be free of all foreign port charges,   *   *   * " and (2) a typewritten clause as follows:  "If vessel discharges at Cuba, charges for account of vessel as customary."

Nothing had been said about foreign port charges in the oral negotiations, and it is quite clear that the clause inserted in typewriting was a contradiction of the Merritt form of charter.  The master refused to sign the charter for this reason.  Judge Hazel dismissed the libel.

The libelant sues upon the oral agreement as if it contained the typewritten clause which the master objected to.  It is quite true that the oral contract itself would have been binding, had the libelant waived the new provision.  But he did not, and has sued upon it as containing this condition, which he had no right to insert.  He relies upon our decision in West India S. S. Co. v. Chicago House Wrecking Co., 249 Fed. 338, 161 C. C. A. 346.  In that case the oral contract was en-

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

forced because the respondent had introduced a variant into the written form. In this case it will not be enforced because the libelant introduced a variant into the written form. These conclusions are entirely consistent.

It is true that the master thought as matter of law that an oral charter was not binding; but this does not deprive the owners of their defense that the libelant was insisting upon a provision which contradicted the form of charter which he agreed to execute.

The decree is affirmed.